UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO REEVES,

    Plaintiff,

v.

MICHAEL EAGAN, BARBARA SAMPSON, L. SCHNEIDER, T. WAKLEY, ABIGAIL CALLEJAS, JEROME WARFIELD, MELISSA JENNINGS, and HEIDI WASHINGTON,

    Defendants.
_____/

Case No. 17-CV-13591

HON. GEORGE CARAM STEEH

ORDER ADOPTING REPORT AND RECOMMENDATION AND
<u>GRANTING DEFENDANTS' MOTION FOR SUMMMARY JUDGMENT</u>

Before the court is Magistrate Judge Anthony P. Patti's report and recommendation dated June 13, 2018. Magistrate Judge Patti recommends that the court grant Defendants' motion for summary judgment. Plaintiff filed objections on July 6, 2018.

With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject

- 1 -

or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Plaintiff, Antonio Reeves, alleges that his due process rights were violated when the Michigan Parole Board relied upon inaccurate information in denying him parole. The defendants include Michigan Parole Board members and other employees of the Michigan Department of Corrections. Magistrate Judge Patti recommends that the court grant Defendants' motion for summary judgment because Plaintiff failed to establish a constitutional violation and Defendants are entitled to qualified immunity. In the alternative, the magistrate judge recommends that the court dismiss Plaintiff's complaint without prejudice because Plaintiff failed to exhaust his administrative remedies.

Having reviewed the record, the court agrees with Magistrate Judge Patti's analysis that Plaintiff cannot establish a constitutional violation as a matter of law. In order to establish a procedural due process violation, Plaintiff must show that he was deprived of a liberty or property interest without due process of law. Michigan's parole system is discretionary and creates "no liberty interest in parole." *Wershe v. Combs*, 763 F.3d 500, 506 (6th Cir. 2014). Therefore, "even if the Parole Board relied on inaccurate information to deny [plaintiff] parole, it did not violate any liberty interest

- 2 -

protected by the United States Constitution." *Caldwell v. McNutt*, 158 Fed. Appx. 739, 741 (6th Cir. 2006). Plaintiff's objections do not address the clear legal authority establishing that Michigan's parole system does not create a liberty interest in parole. The court agrees with the magistrate judge that dismissal of Plaintiff's complaint with prejudice is appropriate.

Therefore, IT IS HEREBY ORDERED that Magistrate Judge Patti's report and recommendation (Doc. 25) is ACCEPTED and ADOPTED as the order of the court.

IT IS FURTHER ORDERED that Plaintiff's objections (Doc. 26) are OVERRULED and Defendants' motion for summary judgment (Doc. 14) is GRANTED.

Dated: August 14, 2018

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 14, 2018, by electronic and/or ordinary mail and also on Antonio Reeves #341005, Parnall Correctional Facility – SMT, 1780 E. Parnall, Jackson, MI 49201.

s/Barbara Radke
Deputy Clerk